THE STATE EX REL. MAYLE, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Mayle v. Indus. Comm.* (1999), 86 Ohio St.3d 74.]

(No. 97–729—Submitted June 9, 1999—Decided July 7, 1999.)

76

"* * *

*Ward, Kaps, Bainbridge, Maurer & Melvin* and *William J. Melvin,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Michael A. Vanderhorst,* Assistant Attorney General, for appellee Industrial Commission.

*Harry A. Tipping Co., L.P.A., Harry A. Tipping* and *Lesley A. Weigand,* for appellee Apollon Painting Company.

*Per Curiam.* Several key facts are unchallenged: (1) Apollon possessed the requisite safety equipment; (2) decedent had the opportunity to obtain that equipment from the Canton home office before leaving for the Bellefontaine job site; (3) decedent, before departing for Bellefontaine, did not request any safety equipment; (4) decedent, over the course of twenty years, consistently did not use safety belts/lifelines; and (5) industry-wide, the use of such equipment was avoided as being dangerous to the safety of tower painters.

Claimant contends that the availability of safety equipment at the Canton office was not good enough. Despite the facts, noted above, claimant asserts that the safety equipment should have nevertheless been taken to the job site. We disagree. Decedent had the opportunity to get whatever safety equipment he needed for this job. He declined that invitation, and pattern and practice strongly implied that even if the equipment had been at the job site, decedent would not have used it.

The commission did not, therefore, abuse its discretion in denying claimant's VSSR application. Accordingly, the judgment of the court of appeals denying the writ is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., dissents.